**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW VARGAS, | No. 12-15340 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03130-LKK-GGH |
| v. | |
| BP AMERICA INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted December 6, 2013[**]
San Francisco, California

Before: TROTT and MURGUIA, Circuit Judges, and EZRA, District Judge.[***]

Plaintiff Andrew Vargas appeals the district court's grant of summary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the Western District of Texas, sitting by designation.

judgment in favor of BP America Inc. (BP). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that Vargas failed to establish a prima facie case of retaliatory wrongful termination in violation of public policy under California law. *See Loggins v. Kaiser Permanente Int'l*, 60 Cal. Rptr. 3d 45, 50-51 (Ct. App. 2007) (applying burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), to claim of retaliatory wrongful termination in violation of public policy under California law); *see also Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (applying *McDonnell Douglas* framework to statutory claim for retaliation). Vargas adduced no evidence of a causal nexus between his termination and his protected activity. It is undisputed that the individual in BP's human resources department who terminated Vargas had no knowledge of Vargas's history of complaints regarding BP's safety violations. Further, Vargas provided no evidence that anyone who did know of his complaints instigated, was involved in, or was aware of his termination. Accordingly, Vargas failed to make the prima facie case required to survive summary judgment.

The district court also correctly determined that, even if Vargas did establish a prima facie case of retaliation, he failed to produce any direct evidence or any

2

"specific and substantial" circumstantial evidence that BP's proffered legitimate, non-retaliatory reason for firing him was pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). BP asserted that it fired Vargas pursuant to its long-term disability policy more than two years after he suffered an accident that left him unable to work in his original job or in an alternate capacity. Vargas does not dispute that BP's policy predated his accident, and he offers no evidence that the policy was inconsistently applied. That a period of two or three years passed between Vargas's protected activity and his termination further undermines any suggestion of pretext. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (holding that no causal connection existed between protected activity and allegedly retaliatory action twenty months later).

Vargas's other arguments are unpersuasive.

AFFIRMED.